UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
**Case Number:  08-20661-CIV-MARTINEZ-BROWN**

RENE WILSON, as Personal Representative of
the Estate of Daisy Scott Emory, Deceased,
        Plaintiff,

vs.

ISLAND SEAS INVESTMENTS, INC., a
Bahamian company d/b/a ISLAND SEAS
RESORT, et. al.,
        Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE AND CLOSING CASE

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss for Improper

Venue **(D.E. No. 94)**.  Defendants, Island Seas Investments, Limited d/b/a Island Seas Resort

("Island Seas"), Island Palm Investments, Limited d/b/a Island Palm Resort ("Island Palm"), and

Robert William "Bill" Carlson (collectively, "Defendants")[1] move to dismiss this case for *forum*

*non conveniens*.  After careful consideration, the Court finds that Defendants' motion to dismiss

should be granted.

### I.        Factual and Procedural Background

Rene Wilson ("Ms. Wilson" or "Plaintiff"), as personal representative of the estate of

Daisy Scott Emory, has filed a diversity action which includes eight claims. The majority of the

claims in the Corrected Second Amended Complaint, six of the counts, claim that the

Defendants' negligence caused Ms. Emory's death.  (D.E. No. 82 at ¶¶ 80, 90).  The two other

---

[1]All claims against Defendant Aqua Sun Investments Inc. have been dismissed without
prejudice. *See* (D.E. No. 101).

claims are fraud claims relating to Ms. Emory's purchase of a vacation package.

In 2006, Ms. Emory, a former resident of Florida, allegedly purchased a discounted vacation package at the Island Palm on Grand Bahama Island, Bahamas.  (D.E. No. 82 at ¶¶ 3, 82).  The vacation package required her to tour the Island Palm's sister hotel, the Island Seas, in order to attend a timeshare presentation.  (D.E. No. 82 at ¶ 45).  While at the Island Seas, Ms. Emory and her party purchased tickets for a banana boat ride from Paradise Watersports, LLC ("Paradise Watersports"), which operated a kiosk near the front desk.  (D.E. No. 82 at ¶ 49).  Ms. Wilson claims that Ms. Emory notified George Douglas, the Paradise Watersports employee in charge of towing the banana boat, that two of the six family members aboard the banana boat could not swim, including Ms. Emory.  (D.E. No. 82 at ¶ 51).  Ms. Wilson also claims that Mr. Douglas gave Ms. Emory a life vest that was too small and worn and that he assured her that it would keep her afloat if necessary.  (D.E. No. 82 at ¶ 52).  While riding on the banana boat, Ms. Emory fell into the water and drowned.  (D.E. No. 82 ¶¶ 50-63).  Ms. Wilson has sued the Island Palm and the Island Seas, claiming that they were negligent in the selection and supervision of the vendors who maintained information kiosks in their lobbies and operated recreational water sports activities on the beach.  (D.E. No. 82 at ¶¶ 69, 90).  Ms. Wilson has also sued the owner and operator of the hotels, Bill Carlson. Ms. Wilson has not sued Paradise Watersports or Mr. Douglas.

Additionally, Ms. Wilson has asserted one count against Island Palm for fraudulent inducement and misrepresentation.  She claims that the Island Palm fraudulently induced Florida residents, including Ms. Emory, into entering a travel agreement for a "free vacation" with the intention of charging the guests' credit card if they did not purchase a timeshare at the Island

Seas.  (D.E. No. 82 at ¶ 105).  She also alleges that the Island Palm misrepresented that its guests would receive a discounted vacation in exchange for the guests attending a timeshare presentation at the Island Seas.  (D.E. No. 82 at ¶ 106).  Similarly, Ms. Wilson has asserted one count against Bill Carlson for fraud, claiming that he engineered and published a marketing strategy that was intended to lure unsuspecting travelers into purchasing timeshares.  (D.E. No. 82 at ¶ 164).

Ms. Wilson is a resident of the Middle District of Florida.  Defendants are residents of the Bahamas.  Although they are not parties to this litigation, Paradise Watersports and Mr. Douglas are also residents of the Bahamas.  (D.E. No. 95 at 2).

## II.      Analysis

The doctrine of *forum non conveniens* allows a district court to decline to exercise jurisdiction, even though the court has venue, when the convenience of the parties, the witnesses and the court, and the interests of justice weigh in favor of trying the action in an alternative forum.  *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1947); *Sibaja v. Dow Chemical Co.*, 757 F.2d 1215, 1218 (11th Cir. 1985).  In determining whether to grant a motion to dismiss for *forum non conveniens*, a court must conduct a two-part analysis.  First, the court must determine "whether an adequate alternative forum exists which possesses jurisdiction over the whole case." *La Seguridad v. Transytur Line*, 707 F.2d 1304, 1307 (11th Cir. 1983).  Second, although the private interests are more important, the court must weigh all the relevant private and public interests in litigating the case in the alternative forum.  *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F. 3d 1097, 1099 n.5 (11th Cir. 2004).

When conducting a *forum non conveniens* analysis, there is a strong presumption in favor

of a plaintiff's choice of forum.  *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) (noting

that a plaintiff's choice of forum "should rarely be disturbed"); *see also Piper Aircraft*, 454 U.S.

at 255 (finding that the plaintiff's choice of forum "may be overcome only when the private and

public interest factors clearly point towards trial in the alternative forum").  Furthermore, the

Court notes that Ms. Wilson is a United States citizen, and therefore her choice of forum

deserves more deference than if she were a foreign national.  *See Piper Aircraft*, 454 U.S. at 256

("Citizens or residents deserve somewhat more deference than foreign plaintiffs.").  However,

the mere fact that the plaintiff is a United States citizen does not conclusively establish the

convenience of the United States forum.  *See id.* ("[D]ismissal should not be automatically barred

when a plaintiff has filed suit in his home forum.  As always, if the balance of convenience

suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or

the court, dismissal is proper.").

### A.    Availability of an Alternative Forum

"Generally, a defendant satisfies the first prong of the [*forum non conveniens*] analysis by

showing that it is 'amenable to process in the other jurisdiction.'" *Republic of Panama v.  BCCI*

*Holdings, Inc.*, 119 F.3d 935, 951 (11th Cir. 1997) (quoting *Piper Aircraft*, 454 U.S. at 254 n.

22).  "[T]he burden of establishing whether an alternative forum exists is not a heavy one."

*Warter v. Boston Securities, S.A.*, 380 F. Supp. 2d 1299, 1306-07 (S.D. Fla. 2004).  Bahamian

law recognizes actions based on common law negligence, vicarious liability, and fraud.  *See*

*Morse v. Sun Int'l Hotels, Ltd.*, No. 98-7451, 2001 WL 34874967, at *2 (S.D. Fla. Feb. 26,

2001), *aff'd without opinion*, 277 F.3d 1379 (11th Cir. 2001); *see also Trujillo v. Banco Central*

*Del Ecuador*, 35 F. Supp. 2d 908, 915 (S.D. Fla. 1998).  In addition, the parties agree that all of

the Defendants are Bahamian citizens and are therefore amenable to process in the Bahamas. (D.E. No. 103 at 17).

Nonetheless, Plaintiff argues that the alternate forum is inadequate because a jury trial will not be available and Bahamian law forbids contingency fee agreements and requires a bond for all costs and fees. (D.E. No. 103 at 24). Although the Court acknowledges that these considerations may hinder the Plaintiff's ability to pursue her claim in the Bahamas, they do not render the Bahamas an inadequate alternative forum. *See Magnin v. Teledyne Continental Motors,* 91 F.3d 1424 (11th Cir. 1996) (finding that the absence of contingency fee arrangements and jury trials should not be given substantial weight in a *forum non conveniens* analysis). Furthermore, this Court agrees with other courts in this district that the Bahamas is an adequate alternative forum for tort cases involving accidents or injuries occurring in the Bahamas where the defendants are citizens or residents of the Bahamas. *See, e.g., Chierchia v. Treasure Cay Services*, 738 F. Supp.1386, 1388 (S.D. Fla.1990); *Morse*, 2001 WL 34874967, at *2. This Court also agrees that the Bahamas is an adequate alternative forum for fraud cases. *See Trujillo*, 35 F. Supp. 2d at 915. Therefore, this Court finds that the Bahamas is an adequate alternative forum for Ms. Wilson's claims.

### B.   The Private Interest Factors

If an adequate alternative forum exists, the court must first weigh all the relevant private interests in litigating the case in the alternative forum. *La Seguridad v. Transytur Line*, 707 F.2d 1304, 1307 (11th Cir. 1983). Private interest factors include "the relative case of access to sources of proof; ability to obtain witnesses; possibility of view of premises, if relevant; and 'all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Id.*

(quoting *Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1947)).  Because the touchstone of a *forum non conveniens* analysis is convenience, controlling weight cannot be given to any one factor in the balancing process.  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249 (1947).

With regard to witnesses, the Court is not aware of a single witness who resides in the Southern District of Florida, including Plaintiff.  In fact, Defendants argue that many important witnesses reside in the Bahamas. Therefore, the availability of compulsory process is a relevant consideration.  *See Morse v. Sun Int'l Hotels, Ltd.*, No. 98-7451, 2001 WL 34874967, at *3 (S.D. Fla. Feb. 26, 2001).

Defendants have identified five witnesses who were employed by Paradise Watersports at the time of the accident and currently reside in the Bahamas.  (D.E. No. 111 at 4).  Because Defendants do not have control over these witnesses, they are outside the compulsory process of the Court.  These witnesses include Mr. Douglas, the owners of Paradise Watersports, and the employee who sold banana boat tickets to one or more of the Ms. Emory's party.  These witnesses are of paramount importance in this case.  Without these witnesses, Defendants cannot adequately defend claims about such topics as warnings that may have been given to Ms. Emory, representations that may have been made by Paradise Watersports, the condition of the life vest worn by Ms. Emory, the operation of the banana boat on the day in question, or the attempts to rescue Ms. Emory after she fell into the water.  Even if Defendants were able to obtain deposition testimony in the Bahamas from these witnesses, the inability to produce these witnesses in person for a jury trial in Florida would be prejudicial to Defendants.  *See Gulf Oil*, 330 U.S. at 511 ("[T]o fix the place of a trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court,

jury, or most litigants."); *see also Iragorri v. Int'l Elevator, Inc.*, 203 F.3d 8, 17 (1st Cir. 2000)

("[T]he live testimony of [key] witnesses for the purposes of presenting demeanor evidence [is]

essential to a fair trial."). Finally, the Court notes that Plaintiff could exert personal jurisdiction

in the Bahamas over these witnesses based on the fact that the alleged tort occurred in the

Bahamas. Thus, the ability to obtain witnesses weighs heavily in favor of litigating this case in

the Bahamas.[2]

     With regard to the relative ease of access to documentary evidence, Defendants assert that

virtually all of the evidence relating to the alleged liability of Defendants must be found in the

Bahamas because that is where the alleged tortious acts occurred. Plaintiff responds that

Defendant has failed to identify any document or item of physical evidence that could not be

obtained if the trial were conducted in Florida. However, the Supreme Court has noted that

"such detail is not necessary." *Piper Aircraft*, 454 U.S. at 258. Defendants have moved to

dismiss this case "because many crucial witnesses [and documents] are located beyond the reach

of compulsory process, and thus are difficult to identity or interview." *Id.* Plaintiff has alleged

the direct negligence of Paradise Watersports and its employee Mr. Douglas but has not named

them as parties. This is problematic because Paradise Watersports and Mr. Douglas are

presumably in control of pertinent documentary evidence, such as insurance policies, prior

accident reports, and safety violations, which the Court cannot obtain through compulsory

---

[2]In applying these factors, the Court notes that neither party specifically addresses the two fraud claims pending against Island Palm and Bill Carlson. Neither claim is plead with great particularity. However, it appears that documentary evidence relating to these claims along with any testimony relating to the requirement to buy a timeshare would also be more readily available in the Bahamas. More importantly, the majority of the claims in this case relate to negligence, and the Court notes that Plaintiff has never sought to sever these claims.

process.  Additionally, many other potential sources of evidence in the Bahamas are beyond the

reach of this Court, such as police investigations and medical records.  Finally, the Court notes

that Plaintiff has failed to identify a single piece of evidence located in the Southern District of

Florida.  Thus, the relative ease of access to sources of proof weighs in favor of litigating this

case in the Bahamas.

With regard to viewing the premises, the Defendants allege that a forum in the Bahamas

would allow a jury to inspect the Island Palm and Island Seas, the Viva Wyndham Fortuna Beach

Hotel where Paradise Watersports operates its banana boat ride, and the actual banana boat and

the tow boat involved in the accident.  Plaintiff responds that these items can be adequately and

accurately depicted in photographs and diagrams, therefore a viewing is unnecessary.  The Court

agrees.  Defendants have failed to allege or establish that there is anything unusual about the

physical layout of the site or the equipment that requires a premises viewing in this case.  *See Sun*

*Trust Bank v. Sun Int'l Hotels, Ltd.*, 184 F.Supp.2d 1246, 1264 (S.D. Fla. 2001).  Thus, the

possibility of view of premises is irrelevant.

A final consideration is the Defendants' ability to implead potential third-party

tortfeasors.  *Piper Aircraft*, 454 U.S. at 267-68; *Sun Trust Bank*, 184 F. Supp. 2d 1246.

Defendants argue that they would not be able to implead Paradise Watersports or Mr. Douglas if

the case were tried in Florida.  Indeed, Plaintiff alleges that Paradise Watersports and Mr.

Douglas are primarily and directly responsible for Ms. Emory's death.  Plaintiff has not named

these parties as Defendants, presumably because of lack of personal jurisdiction.  However, if

this case were to proceed in the Bahamas, Defendants would be able to implead Paradise

Watersports and Mr. Douglas.  Thus, the ability to implead potential third-party tortfeasors

weighs strongly in favor of litigating this case in the Bahamas.

Incidentally, the Court notes that the facts alleged in this case mirror those found in *Morse*, 2001 WL 34874967.  There, Plaintiff was struck by a jet ski while riding on a banana boat in the Bahamas.  *Id.* at 1.  Plaintiff sued the operators of hotel properties located near the site of her injury but did not sue the jet ski rental operation, the operator of the banana boat, or the two individuals who operated and rode the jet ski.  *Id.*  In granting Defendants' motion to dismiss for *forum non conveniens*, the court relied heavily upon the quality of evidence which remained beyond the reach of compulsory process and Defendants' inability to implead the third party tortfeasors.  This Court is influenced by the reasoning in *Morse* with respect to Ms. Wilson's negligence claims against Defendants.

In light of the totality of private interests, with due consideration to Plaintiff's choice of forum and despite the lack of necessity for a premises viewing in the Bahamas, the Court finds that the balance of conveniences strongly favors dismissal.  While these private factors are the more important consideration, the Court also must consider the public interest factors.

### C.      The Public Interest Factors

Public interest factors bearing upon the forum's interest in entertaining a lawsuit include "court congestion and jury duty generated by controversies having no relation to the forum; the desirability of having localized controversies decided at home; and the difficulties attendant resolving conflict-of-laws problems and applying foreign law."  *La Seguridad v. Transytur Line*, 707 F.2d 1304, 1307 (11th Cir. 1983).

First, with regard to court congestion, the Southern District of Florida has one of the busiest dockets in the United States.  However, this factor has been afforded little weight in a

*forum non conveniens* analysis. *Doe v. Sun Int'l Hotels, Ltd.*, 20 F. Supp. 2d 1328 (S.D. Fla. 1998). Therefore, it bears little significance on the Court's analysis.

Second, the nature of the claims at issue in this case support dismissal. Here, the majority of the claims in the complaint involve a resident of the Middle District of Florida suing two Bahamian hotels and a Bahamian citizen for negligence based on an accident which occurred in the Bahamas and was caused by the direct negligence of a Bahamian corporation and a Bahamian citizen, neither of which are named defendants. While the two fraud claims could bear a relationship to Florida as Plaintiff alleges a fraud was perpetrated against a Florida citizen, as alleged Florida has no greater interest in this action than the Bahamas, where the Defendant corporations were incorporated and where the individual Defendant is a citizen.[3] Thus, the Court finds this factor weighs in favor of dismissal.

Third, with regard to applying foreign law, it is undisputed that Bahamian law would apply to the six counts of negligence. This factor weighs in favor of dismissal. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 260 n. 29 (1947) (noting that many *forum non conveniens* decisions have held that the need to apply foreign law favors dismissal). As the nature and circumstances of the two fraud claims are unclear, it is also not clear which law should be applied to these claims.

Finally, with regard to having localized controversies resolved at home, this case implicates a primarily Bahamian controversy. The Bahamas has a strong interest in regulating

---

[3]As the Court previously noted, the fraud claims are not particularly plead, and it is unclear where and how exactly any alleged fraudulent misrepresentations were made. This Court could have more of a public interest in at least these two claims if the alleged fraud was committed in Florida; however, as previously stated, the majority of the claims in this case relate to the alleged negligence of Defendants, and no motion to sever has been filed in this case.

watersports activities that are crucial to the Bahamian tourist industry and in regulating its own

corporations and citizens.  Although Florida also has an interest in this litigation because it

involves a resident Plaintiff and the Island Palm and the Island Seas advertise to Florida

residents, that interest is insufficient to retain this case.  *See Morse v. Sun Int'l Hotels, Ltd.*, No.

98-7451, 2001 WL 34874967, at *7 (S.D. Fla. Feb. 26, 2001).  Therefore, the Court finds that the

public interest factors weigh in favor of the dismissal of this action.

**III.     Conclusion**

Upon weighing the relevant considerations, the Court finds that the balance of

conveniences strongly favors dismissal.  Forcing the parties to litigate this case in the Southern

District of Florida without the alleged culpable parties would be a manifest injustice.  *See Morse*,

2001 WL 34874967, at *7. Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that

Defendants' Motion to Dismiss for Improper Venue **(D.E. No. 94)** is **GRANTED**.  If

Defendants attempt to assert defenses pertaining to statutes of limitation, jurisdiction, and venue

in a Bahamian court, Plaintiffs may file a motion to reopen this case which this Court shall give

all due consideration. This matter is **CLOSED** and all other pending motions are **DENIED AS**

**MOOT**.

DONE AND ORDERED in Chambers at Miami, Florida, this 7 day of January, 2009.

_____

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Brown
All Counsel of Record